James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

G. C. STEINMETZ, J. H. Shoffner, T. C. Warr, C. W. Brega and E. C. Walton, co-partners, doing business as Highway Service Company, Defendants.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

G. C. STEINMETZ, J. H. Shoffner, and Roy Harris, co-partners, doing business as Tennessee Postal Service, Defendants.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

G. C. STEINMETZ, J. H. Shoffner, Roy Harris, and T. C. Warr, co-partners, doing business as Postal Transport Service, Defendants.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

POSTAL SERVICE, INC., a corporation, Defendant.

Civ. A. Nos. 867–869, 871.

United States District Court
S. D. Georgia,
Augusta Division.

March 6, 1959.

762

Stuart Rothman, Solicitor, Washington, D. C., Beverly R. Worrell, Regional Atty., and Lawrence B. Sheffield, Jr., Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiffs.

Harris, Chance & McCracken, Attys., Augusta, Ga., for defendants.

SCARLETT, District Judge.

These matters are before me on defendants' motions to dismiss based on the allegations of the plaintiff's complaints and will be disposed of in one opinion.

The complaint in Civil Action No. 871 alleges in substance that the defendant is engaged in the transportation by motor vehicles of mail between Montgomery and Dothan, Alabama; between Montgomery, Alabama, and Waycross, Georgia; between Louisville, Kentucky, and St. Louis, Missouri; between Louisville and Somerset, Kentucky; between Louisville and Fulton, Kentucky; and between Louisville, Kentucky, and Evansville, Indiana,[1] all pursuant to contract with the United States Post Office Department; that defendant has a number of employees who regularly drive motor vehicles transporting mail between the points mentioned, who load and unload mail, and some who engage in routine clerical and office work closely related and directly essential to the transportation of said mail;[2] and that substantial quantities of

---

1. The routes involved in Civil Action No. 867 are between Columbia and Charleston, South Carolina; between Columbia and Greenville, South Carolina; and between Charleston, South Carolina, and Augusta, Georgia.

The routes involved in Civil Action No. 868 are between Nashville, and Knoxville, Tennessee; between Nashville and Jackson, Tennessee; between Nashville, Tennessee, and Owensboro, Kentucky; and between Nashville, Tennessee, and Evansville, Indiana.

The routes involved in Civil Action No. 869 are between Savannah and Macon, Georgia; between Savannah and Cordele, Georgia; and between Savannah and Helene, Georgia.

2. The complaints in the other actions do not contain such allegations in regard to clerical and office work.

such mail move in interstate commerce and thus said employees have been and are engaged in commerce within the meaning of the Fair Labor Standards Act. It is further alleged that the defendant has been violating the Act by paying certain of its employees for their employment in commerce wages at rates less than $1.00 an hour after March 1, 1956,[3] by employing their employees in commerce for workweeks in excess of 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed and by failing to keep adequate and accurate records of the hours worked each workday and each workweek by its employees.[4] Plaintiff seeks an injunction restraining future violations of the types alleged.

Defendant asserts in its motion to dismiss that although the Interstate Commerce Commission has not exercised any authority with respect to the hours of service and qualifications it has power to do so by virtue of the provisions of the Motor Carrier Act, 1935 (49 U.S.C.A. § 304), and having such power to do so, it (the defendant) is exempt from the provisions of the hours and wages as provided under the Fair Labor Standards Act, particularly Section 213(b) U.S. C.A., Title 29. It further asserts, in effect, that all of this appears from the allegations of the complaint and thus it fails to state a claim upon which relief can be granted.

Section 213(b) (1) U.S.C.A., Title 29 provides in substance that the overtime requirements of the Fair Labor Standards Act "shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title

49;" It is clear from the plain language of the statute that, (1) the exemption relates solely to the overtime requirements, and (2) it is not a blanket exemption to the employer, as such, from the payment of overtime compensation but pertains on an individual employee basis. In other words, it is quite possible for an employer who operates motor vehicles transporting property in interstate commerce, to have some employees subject to the exemption while others would not fall within it. This exemption, so it has been held (United States v. American Trucking Associations, 310 U.S. 534),* is confined to employees whose activities directly affect safety of operations.

The Interstate Commerce Commission has held since as early as December of 1937 that "The transportation of mail under contract with the Post Office Department in vehicles used exclusively for that purpose is not subject to the requirements of the Motor Carrier Act.", and appears to have adhered consistently to this position. Atchison, Topeka and Santa Fe Railway Company Extension of Operations, 3 MCC 694; Freer Brothers Motor Express Lines Common Carrier Application, 7 MCC 203; Texas and Pacific Motor Transport Common Carrier Application, 12 MCC 37; Gulf, Mobile and Northern Railway Company Common Carrier Application, 18 MCC 721; Boston and Maine Transportation Company Extension of Operations, 22 MCC 227; and William Blau Common Carrier Application, 61 MCC 705.

In March of 1939 in Interpretative Bulletin No. 9 the Administrator of the Wage and Hour Division, United States Department of Labor, officially announced his position that employees of contract mail carriers do not come within the exemption afforded by Section 213(b) (1) U.S.C.A. 29. The same position is expressed in a later Interpretative Bulle-

---

3. A minimum wage violation is alleged only in Civil Action No. 871.

4. A record keeping violation is alleged in Civil Action Nos. 868 and 871 but not in the other actions.

* 60 S.Ct. 1059, 84 L.Ed. 1345.

tin, issued May, 1951 and published in the Code of Federal Regulations (Title 29, Chapter V, CFR, Part 782). As far as I can ascertain this has been the official position of the Administrator from the beginning.

 It is well settled that the contemporaneous construction of the provisions of a statute by those charged with its administration, such as the Interstate Commerce Commission and the Administrator of the Wage and Hour Division here, is entitled to great weight. United States v. American Trucking Associations, 310 U.S. 534.* I do not feel inclined to depart from the interpretation thus announced. The basis of the interpretation of the Administrator is that contract mail carriers are not subject to the requirements of the Motor Carrier Act, 1935. In this regard the two interpretations are completely in accord.

 The majority of the courts thus far having had occasion to pass upon the precise point, have held the overtime exemption afforded by Section 213(b)(1), supra, not applicable to employees of contract mail carriers. Thompson v. Daugherty, D.C., 40 F.Supp. 279; Repsher v. Streepy and Easton Trust Co., 14 Labor Cases (CCH) 64,364; Mitchell v. Griffin, 26 Labor Cases (CCH) 68,750; and Mitchell v. Raines, 5 Cir., 238 F.2d 186. Contra, Magann v. Long's Baggage Transfer Co., Inc., D.C., 39 F.Supp. 742. I am persuaded to follow the holding in the Thompson case, supra, and those following it.

Even if I had arrived at a different conclusion with respect to the application of the overtime exemption, I could not sustain defendant's motion in this case because of the other allegations of the complaint, particularly those pertaining to alleged minimum wage violations and record-keeping irregularities. From what has been said it is clear that the exemption afforded by Section 13(b)(1) of the Fair Labor Standards Act (Section 213(b)(1) of the Code), pertains only to overtime compensation and thus does not embrace any other requirements of the Act.

Let counsel for the plaintiff prepare an order in accordance with this opinion.